UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY RAYSHIVERS,<br><br>              Plaintiff,<br><br>      v.<br><br>LUIZ, et al.,<br><br>              Defendants. | No. 1:23-cv-01535 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>PLAINTIFF'S SHOWING OF CAUSE DUE **DECEMBER 4, 2023** |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2, 5 (complaint; in forma pauperis application; prisoner trust fund account statement, respectively). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated below, prior to the Court considering Plaintiff's application to proceed in forma pauperis and screening the Complaint, Plaintiff will be ordered to show cause why this matter should not be summarily dismissed for failure to exhaust administrative remedies prior to bringing this action.

1

I. IN FORMA PAUPERIS APPLICATION

Although Plaintiff has filed an application to proceed in forma pauperis (see ECF No. 2), he has brought this action prior to exhausting his administrative remedies (see generally ECF No. 1 at 3-5). As discussed in greater detail below, 42 U.S.C. § 1997e(a) categorically forbids a plaintiff from bringing a Section 1983 suit until administrative remedies have been exhausted. This is true irrespective of whether Plaintiff has submitted an application to proceed in forma pauperis.[1]

Accordingly, the Court will refrain from considering Plaintiff's in forma pauperis application at this time. Instead, in compliance with federal law, it will first address the exhaustion issue that is identified below.

II. THE COMPLAINT

Plaintiff names Correctional Officers Luiz and Sanchez of California State Prison – Corcoran ("Corcoran") as defendants in this action.[2] See ECF No. 1 at 1-2. He asserts that his Eighth Amendment right to be free from use of excessive force was violated when a total of seven correctional officers[3] beat him after he arrived at Corcoran and had been checked in.[4] See generally id. at 3-5. As a result, one of his ribs was broken. Id. He seeks two hundred thousand dollars in damages. ECF No. 1 at 6.

In the Complaint, Plaintiff clearly states that he did not exhaust his administrative remedies at Corcoran before he filed this lawsuit, and he provides no legally acceptable excuse for not having done so. See generally ECF No. 1 at 3-5. The Court addresses these threshold issues herein.

---

[1] "Neither fee collection nor notice to the adversary is at issue when applying [Section] 1997e(a)." Ford v. Johnson, 362 F.3d 395, 399 (7th Cir. 2004) (brackets added). An action is "brought" for purposes of Section 1997e(a) when a complaint is tendered to the district court; not when it is subsequently filed. Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006).

[2] Plaintiff is currently housed at California State Prison – Sacramento ("CSP-Sacramento"). See ECF No. 1 at 1 (address provided in case caption block).

[3] Although the Complaint names Correctional Officers Luiz and Sanchez as defendants, Plaintiff does not specifically refer to either of these individuals in the three claims he raises. See ECF No. 1 at 3-5. Instead, he simply states generally that seven correctional officers assaulted him. See id.

[4] The Complaint does not state when the assault occurred.

### III. EXHAUSTION REQUIREMENT

#### A. California Law

"[A] party must exhaust administrative remedies before resorting to the courts." Parthemore v. Col, 221 Cal. App. 4th 1372, 1379 (2013) (brackets added). The requirement that administrative remedies be exhausted applies to grievances filed by prisoners. Wright v. State of California, 122 Cal. App. 4th 659, 665 (2004) (citations omitted).

The California prison system's requirements "define the boundaries of proper exhaustion." Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting Jones v. Bock, 549 U.S. 199, 218 (2007)). In order to exhaust, the prisoner is required to complete the administrative review process in accordance with all applicable procedural rules. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). "The California prison grievance system has three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citation omitted); see Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010) (citation omitted); see generally Saddozai v. Davis, 35 F. 4th 705, 707 (2022) (stating three-step grievance process needed to comply with PLRA exhaustion process in California).

#### B. Federal Law

Because Plaintiff is a prisoner challenging the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act ("PLRA"), as codified in 42 U.S.C. § 1997e. The PLRA requires prisoners to exhaust available administrative remedies before bringing an action challenging prison conditions under Section 1983. Jones, 549 U.S. at 211 (stating PLRA exhaustion is mandatory). The statute states in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prison confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A matter has been "brought" within the meaning of Section 1997e(a) when it has been submitted to the district clerk. Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006) (citation omitted); O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008) (citing Vaden).

////

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate ... must exhaust available remedies, but need not exhaust unavailable ones." Ross v. Blake, 578 U.S. 632, 642 (2016) (brackets in original). In discussing availability in Ross, the Supreme Court identified three circumstances in which administrative remedies were unavailable: (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross, 578 U.S. at 643-44. "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust – irrespective of any 'special circumstances.' " Id. at 639. "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." Id. at 639.

IV.   DISCUSSION

There are three claims in raised in the Complaint. See ECF No. 1 at 3-5. With respect to each one, when Plaintiff is asked if he has appealed it to the highest administrative level, Plaintiff's responses are either "No," or he fails to respond to the question. See id. When then asked with respect to each claim why he did not submit or appeal a request for administrative relief at any level, Plaintiff ultimately writes that he "did not know what [to] do" and that he was in extreme pain. See id. (brackets added). Not knowing what to do and being in extreme pain are not answers that are sufficient to excuse the exhaustion requirement. See generally Ross, 578 U.S. at 643-44.

Section 1997e(a) forbids a prisoner litigant from bringing a matter to federal court before he has first exhausted all administrative remedies that the prison provides. See 42 U.S.C. § 1997e(a). "An action is brought for purposes of exhaustion under Section 1997e(a) when the complaint is tendered to the district clerk, and not when it is subsequently filed." Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012) (brackets omitted) (internal quotation marks omitted) (quoting Vaden, 449 F.3d at 1050 (quoting Ford v. Johnson, 362 F.3d 395, 400 (7th Cir. 2004));

O'Neal, 531 F.3d at 1151 (stating screening statute 28 U.S.C. § 1915A does not recognize independent process relating to in forma pauperis applications and that complaint is filed only after court identifies cognizable claims).  "[C]laims that are exhausted after the complaint has been tendered to the district court, but before the district court grants . . . permission to proceed in forma pauperis and files [the] complaint, must be dismissed pursuant to [Section] 1997e." Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) (brackets added) (referencing Vaden, 440 F.3d at 1050-51).

In light of the above, the Complaint must be dismissed because it is clear on its face that Plaintiff did not exhaust his administrative remedies at Corcoran prior to filing this case, and Plaintiff provides no acceptable reason under the law to excuse his failure for not having done so. See Wyatt v. Terhune, 315 F.3d 1108, 1120 (2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal so long as no exception to exhaustion applies."), overruled on other grounds by Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014).  However, prior to recommending that this matter be dismissed, Plaintiff will first be ordered to show cause why it should not be.  When presenting his showing of cause, Plaintiff's statement must provide clear and concise reasons why he did not exhaust his administrative remedies before filing the instant case in this Court.  In the alternative, Plaintiff may provide evidence demonstrating that he exhausted his administrative remedies prior to filing suit in this Court.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall SHOW CAUSE why this matter should not be summarily dismissed for failure to exhaust administrative remedies as required by statute.  See 42 U.S.C. § 1997e(a).

2. Plaintiff's showing of cause shall be filed by **December 4, 2023**.  In the alternative, a showing of proof of exhaustion of administrative remedies shall discharge this order to show cause.

**Plaintiff is cautioned that failure to comply with this order within the period allotted may result in a recommendation that this matter be dismissed.**

IT IS SO ORDERED.

Dated:   **November 2, 2023**              **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE