UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY RAYSHIVERS, | No. 1:23-cv-01535 GSA (PC) |
| Plaintiff, | ORDER AND FINDINGS AND RECOMMENDATIONS |
| v. | ORDER DIRECTING A DISTRICT JUDGE BE ASSIGNED TO THIS MATTER |
| LUIZ, et al., | |
| Defendants. | ORDER DIRECTING PLAINTIFF'S FILING FEE BE RETURNED TO HIM |
| | ORDER RECOMMENDING PLAINTIFF'S IN FORMA PAUPERIS APPLICATION BE DENIED AS MOOT |
| | (ECF No. 2) |
| | ORDER RECOMMENDING MATTER BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| | PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATIONS DUE **JANUARY 12, 2024** |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF No. 2. Plaintiff has also paid the filing fee. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

1

For the reasons stated below, the Clerk of Court will be ordered to randomly assign a District Judge to this matter, and/or in the alternative, to assign this matter a "NODJ" designation until a District Judge can be assigned to it.  It will also be ordered that Plaintiff's filing fee be returned to him.  Finally, it will be recommended that Plaintiff's application to proceed in forma pauperis be denied as moot, and that this matter be summarily dismissed due to Plaintiff's failure to exhaust administrative remedies prior to filing this case.

I. BACKGROUND

A. Plaintiff's In Forma Pauperis Application; Payment of Filing Fee

On October 30, 2023, Plaintiff's complaint and his application to proceed in forma pauperis were docketed.  ECF Nos. 1, 2.  Shortly thereafter, Plaintiff's prisoner trust fund account statement was filed (ECF No. 5), and his in forma pauperis application was complete.  However, on November 27, 2023, prior to the Court reviewing the application, Plaintiff paid the filing fee in its entirety.

B. Plaintiff's Complaint

A review of Plaintiff's complaint indicates that prior to filing it in this Court, he did not exhaust his administrative remedies.  See ECF No. 1 at 3-5 (Plaintiff stating same with respect to each of his three claims).  When asked why he did not exhaust them, Plaintiff states that he did not know what to do and that because his ribs had been broken, he was in extreme pain.  See id.

Based on these facts, on November 3, 2023, Plaintiff was ordered to show cause why this matter should not be dismissed for failure to exhaust administrative remedies.  See ECF No. 6.  His showing of cause was to be filed no later than December 4, 2023.  Id. at 5.  To date, Plaintiff has not responded to the Court's order.

II. APPLICABLE LAW

"No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted."  42 U.S.C. 1997e(a). An action is "brought" within the meaning of Section 1997e(a) when the complaint is tendered to the district clerk, and not when it is subsequently filed.  Akhtar v. Mesa, 608 F.3d

////

1202, 1210 (9th Cir. 2012) (quoting Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006) (brackets omitted) (quotation marks omitted)).

Failure to exhaust is an affirmative defense which, typically, defendants must raise and prove. Jones v. Bock, 549 U.S. 199, 216 (2007); see Nunez v. Duncan, 591 F.3d 1217, 1223-24 (9th Cir. 2010) (citations omitted). However, the exhaustion question should be decided as early as possible in a case. See Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014). Accordingly, when a plaintiff specifically states either in his complaint or in the documents he has submitted that he has not exhausted his administrative remedies, the Court need not wait for a defendant's assertion of affirmative defenses before finding that relief is precluded. See Jones, 549 U.S. at 214-15 (finding sua sponte dismissal for failure to exhaust administrative remedies appropriate if, when taking prisoner's factual allegations as true, complaint establishes failure to exhaust); see also Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (finding district court required to dismiss suit when determined plaintiff did not exhaust administrative remedies prior to sending complaint to court); Wyatt v. Terhune, 315 F.3d 1108, 1120 (2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal so long as no exception to exhaustion applies."), overruled on other grounds by Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014).

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." Ross v. Blake, 578 U.S. 632, 642 (2016) (brackets in original). In discussing availability in Ross, the Supreme Court identified three circumstances in which administrative remedies were unavailable: (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross, 578 U.S. at 644. Aside from the unavailability exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust – irrespective of any "special circumstances." See id. at 632.

////

"[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." Id.

### III. DISCUSSION

#### A. Failure to Exhaust Is Unexcused

In the complaint, Plaintiff clearly states that he did not exhaust his administrative remedies at California State Prison – Corcoran prior to filing the instant action. ECF No. 1 at 3-5. However, under Ross, his excuses that he "did not know what to do" and that he "was in extreme pain" are not sufficient to excuse his failure to exhaust. For these reasons, the Court is unable to review this case, and it must be recommended that this action be dismissed.

#### B. Denial of In Forma Pauperis Application; Return of Filing Fee

"A prisoner's civil action may be dismissed under [Section] 1915(e)(2) . . . before any fees have been paid." Ford v. Johnson, 362 F.3d 395, 399-400 (7th Cir. 2004) (brackets added); O'Neal v. Price, 531 F.3d 1146, 1153-54 (9th Cir. 2008) (citing Ford). "[A] failure to exhaust administrative remedies can justify a dismissal under these sections." Ford, 362 F.3d at 400 (brackets added); see Walker v. Thompson, 288 F.3d 1005, 1009-10 (7th Cir. 2002) (stating judge may dismiss matter when existence of affirmative defense is so plain on face of complaint that suit can be regarded as frivolous).

It is clear on the face of the complaint that Plaintiff has not exhausted his administrative remedies. As a result, Plaintiff bringing this action at this time is not permitted under Section 1997e(a). Because this matter cannot proceed any further, Plaintiff's in forma pauperis application must be denied as moot and this action must be summarily dismissed. However, in the interests of justice, the Court will order that the filing fee Plaintiff has paid be returned to him in its entirety.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall randomly assign a District Judge to this action or, in the alternative, temporarily assign this matter a "NODJ" designation until a District Judge can be assigned to it;

2. The filing fee of $402.00 paid by Plaintiff, the notice of which was docketed on November 27, 2023, shall be RETURNED to Plaintiff, and

3. To initiate the process of the return of the paid fees to Plaintiff, the Clerk of Court shall send a copy of this order to the Court's Financial Department.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED as moot, and

2. This matter be SUMMARILY DISMISSED in light of Plaintiff's failure to exhaust administrative remedies prior to filing it in this Court. See ECF No. 1 at 3-5; see also 42 U.S.C. § 1997e(a).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 3, 2024**            /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE